UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARDO DIAZ, | ) | Case No. EDCV 10-529-OP |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the five disputed issues listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

I.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's residual functional capacity ("RFC");

(2) Whether the Appeals Council properly considered additional evidence regarding Plaintiff's mental limitations;

(3) Whether the ALJ properly considered the examining psychiatrist's opinion regarding Plaintiff's ability to read and write;

(4) Whether the ALJ posed a complete hypothetical to the vocational expert ("VE"); and

(5) Whether the ALJ properly found Plaintiff capable of performing the jobs of cleaner, groundskeeper, and vehicle cleaner.

(JS at 2-3.)

II.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d

528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.     The ALJ's Decision.**

The ALJ found that Plaintiff has the severe impairments of schizophrenia and history of head trauma. (AR at 12.) He further found that Plaintiff had the RFC to perform a full range of work at all exertional levels but had the non-exertional limitation of being limited to simple repetitive tasks in a non-public setting. (Id. at 14.) He also found that while Plaintiff has more than a slight limitation, he is able to function satisfactorily with respect to: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to sustain an ordinary routine without special supervision; the ability to work in coordination with or proximity to others without being distracted by them; and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Id.)

Relying on the testimony of the VE to determine the extent to which Plaintiff's limitations eroded the occupational base of work available, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Id. at 19.) Based on the testimony of the VE, the ALJ determined Plaintiff could perform the requirements of such work as cleaner (Dictionary of Occupational Titles ("DOT") No. 381.687-018), groundskeeping worker (DOT No. 408.687-014),

and vehicle cleaner (DOT No. 915.687-034). (AR at 19.)

**B.  Whether the ALJ Properly Assessed Plaintiff's Residual Functional Capacity.**

In an April 29, 2008, Mental Residual Functional Capacity Assessment of Plaintiff, State agency physician H.M. Skopec, M.D., opined, in relevant part, that Plaintiff was limited to "simple repetitive tasks." (Id. at 214.) In an August 21, 2008, Case Analysis review, State agency physician J. Ross, M.D., "[a]ffirm[ed] the initial decision" of Dr. Skopec and explained that Plaintiff was capable of performing "simple repetitive one-two step tasks with adequate pace and persistence." (Id. at 230.)[3]

In eliciting testimony from the VE, the ALJ asked the VE to consider an individual who, among other limitations, is capable of performing "simple, repetitive task[s]." (Id. at 45.) The VE testified that such an individual would be capable of performing jobs as a cleaner, groundskeeping worker, and vehicle cleaner. (Id. at 46-47.)

In his opinion, the ALJ gave "great weight to the mental assessment of the State agency review psychiatrist on initial review as affirmed by the State agency review psychiatrist on reconsideration." (Id. at 18.) The ALJ ultimately concluded that Plaintiff maintained the RFC to perform "simple repetitive tasks," but made no mention of the one-two step tasks noted by Dr. Ross. (Id. at 14.)

In determining a claimant's disability status, an ALJ has a responsibility

---

[3] It does not appear that either Dr. Skopec or Dr. Ross conducted an examination of Plaintiff. Rather, these State agency physicians merely reviewed the medical record. It is unclear to the Court why Plaintiff did not undergo a psychiatric evaluation by a State agency examining physician, particularly in light of the fact that he was afforded a Complete Internal Medicine Evaluation.

4

to determine the claimant's RFC after considering "all of the relevant medical and other evidence" in the record, including all medical opinion evidence. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3), 416.946(c); see also Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5, *7. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (as amended by 75 FR 62676-01); see also SSR 96-6p ("Findings . . . made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJ's "may not ignore these opinions and must explain the weight given to these opinions in their decisions.")

The ALJ purported to give great weight to the opinions of Dr. Skopec and Dr. Ross. (AR at 18.) However, the ALJ did not discuss in any way the discrepancy between Dr. Skopec's limitation to simple repetitive work and Dr. Ross's limitation to simple repetitive one-two step tasks. Although the ALJ appeared to assume that the assessments were equivalent, the slight difference, in fact, could have a material impact on Plaintiff's ability to perform certain types of work. See Grigsby v. Astrue, No. EDCV 08-1413-AJW, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) (explaining that a limitation to simple repetitive work would allow for the ability to perform jobs at Reasoning Level 2, as defined by the DOT, but that a further limitation to one- or two-step instructions limited the individual to Reasoning Level 1 jobs).[4]

Of course, "[t]he ALJ is responsible for . . . resolving conflicts in

---

[4] This distinction is particularly relevant here, where the VE only identified jobs falling within Reasoning Level 2.

5

medical testimony" and for "resolving ambiguities" in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Accordingly, standing alone, the ALJ's failure to discuss the distinction between the opinions of the State agency physicians might not warrant remand. However, because the action must be remanded for consideration of the treating physician's statement, as discussed in the following section, on remand the ALJ is directed to clarify the weight given to the State agency physicians and discuss the distinction between the two opinions.

**C.    The Appeals Council's Consideration of "New" Evidence.**

In his second claim, Plaintiff argues that the Appeals Council failed to properly consider "new" evidence of Plaintiff's mental impairment. Plaintiff cites as the "new" evidence a May 28, 2009, letter authored by Plaintiff's treating psychiatrist, Inderjit Seehrai, M.D. (JS at 9.) Plaintiff further argues that if this treating source opinion was part of the record before the ALJ, and thus was not "new," then the ALJ erred in failing to discuss it in his opinion. (Id. at 13.) As explained below, the second of Plaintiff's contentions warrants remand.

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, 881 F.2d at 751. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). Where the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830

(9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, as appears to be the case here, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (citation and quotation omitted).

At Plaintiff's hearing before the ALJ, Plaintiff identified his treating psychiatrist as Dr. Seehrai from the "parole office." Dr. Seehrai, Plaintiff's counsel explained, prescribed all of Plaintiff's medications. (AR at 37.) On May 28, 2009, Dr. Seehrai addressed a letter to the San Bernardino County Department of Child Support Services, explaining Plaintiff's condition as follows:

> Mr. Richard Diaz began attending treatment at the San Bernardino Parole Outpatient Clinic on 4/11/08. Prior to attending group treatment, he was receiving psychiatric services while incarcerated. He is classified as Enhanced Outpatient Program (EOP), which is the highest level of treatment. He has been taking psychiatric medications since the age of 14 or 15. He has not been employed for over eight years. He is currently experiencing many symptoms of his mental illness. Due to his mental illness it is likely that he will not be able to return to work in the future.

(Id. at 238.) In addition, the record before the Court contains seven pages of treatment notes from the Parole Outpatient Clinic, indicating in several places that Plaintiff was also treated by John Benson, M.D. (Id. at 231-38.)

Despite the fact that Dr. Seehrai's letter was included in the record

7

before the ALJ, he made no mention of Dr. Seehrai in his opinion.[5] For that matter, the ALJ also made no mention of a Dr. Benson, other than to cite to a note from Dr. Benson for the fact that, on May 22, 2008, "a psychiatrist at the parole clinic assessed an estimated GAF score of 45 . . . ." (Id. at 17.)[6] The ALJ did acknowledge in his opinion that Plaintiff had been treated at the parole clinic (id. at 16), but continued to address only the treatment records from Atascadero State Hospital and Patton State Hospital, except for the brief mention of the GAF score assessed by Dr. Benson. Although the record contains few treatment records from any of Plaintiff's treating sources, the duty to fully develop the record rested with the ALJ, notwithstanding Plaintiff's representation by counsel. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citing Tonapetyen v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)).[7]

The ALJ's failure to provide any reasons, let alone legally sufficient reasons, for discounting Dr. Seehrai's opinions warrants remand, particularly where the record is so lacking in evidence from multiple treating sources and does not include a psychiatric evaluation from a State agency physician. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to

---

[5] Because it appears to the Court that this letter was included in the record before the ALJ (id. at 238), the Appeals Council was not required to consider it as "new" evidence. Thus, the Court rejects Plaintiff's initial argument within this claim.

[6] The ALJ did not mention Dr. Benson by name or discuss any other portion of his treatment notes.

[7] It is also worthy to note that the record does not contain any treatment records from Plaintiff's incarceration, other than records from his multiple stays within the state hospitals.

8

"the specific medical opinions and findings he rejects"); see, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (alteration in original) (citation omitted). Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting the opinions of the treating sources, if the ALJ again determines rejection is warranted.[8]

**D.  Whether the ALJ Properly Considered the Examining Psychiatrist's Opinion, Particularly Regarding Plaintiff's Limited Ability to Read and Write.**

In a May 22, 2008, treatment note from the parole clinic, Dr. Benson stated that Plaintiff "was in special Ed in school, dropping out in the 9th grade" and that "[h]e has a second grade reading and writing level." (AR at 232.) In the same treatment note, Dr. Benson discusses the history of Plaintiff's illness, identifies his current symptoms, offers a diagnosis, and estimates his GAF at 45. (Id. at 232-33.) As discussed above, other than to note the GAF score of 45 in his general discussion of why the GAF scores in the record are of limited evidentiary value, the ALJ does not discuss the findings and opinions of Dr. Benson, much less mention the doctor by name. Assuming without deciding that the ALJ erred in failing to discuss these findings of Dr. Benson, Plaintiff's concerns will be addressed by the ALJ's further consideration of the treating sources, as directed in Part B, above.

**E.  Whether the ALJ Posed a Complete Hypothetical Question to the VE.**

"In order for the testimony of a VE to be considered reliable, the

---

[8] The Court expresses no view on the merits.

9

hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

As explained in Part A, above, the hypothetical question posed to the VE by the ALJ asked the VE to consider an individual who, among other limitations, is capable of performing "simple, repetitive task[s]." (AR at 45.) The VE testified that such an individual would be capable of performing jobs as a cleaner, groundskeeping worker, and vehicle cleaner. (Id. at 46-47.) This question was posed despite the discrepancy between Dr. Skopec's opinion that Plaintiff could perform simple repetitive tasks and Dr. Ross's opinion that Plaintiff could perform simple repetitive one-two step tasks. (Id. at 214, 230.) Whether the hypothetical question to the VE contained all of Plaintiff's limitations which the ALJ found to exist is dependent upon the ALJ's clarification as to whether he adopted the findings of Dr. Skopec or the slightly, but materially, different findings of Dr. Ross. Accordingly, on remand, the ALJ is directed to reconsider the limitations to be included within the hypothetical to the VE after clarifying the weight to be given to the opinions of

Drs. Skopec and Ross and the related RFC assessment.

### F. Whether the ALJ Properly Found Plaintiff Capable of Performing Other Work.

Again, after considering a hypothetical question based on an individual who could perform simple repetitive tasks, the VE concluded that such an individual could perform jobs as a cleaner, groundskeeping worker, and vehicle cleaner. (Id. at 45-47.) The VE implied that a finding that such an individual could perform these jobs was not inconsistent with the DOT. (Id. at 45.) The ALJ ultimately adopted the conclusions of the VE as to Plaintiff's ability to perform these jobs. (Id. at 19.)

As explained by Plaintiff, each of these jobs requires a Reasoning Level 2. DOT Code 381.687-018 (cleaner), 408.687-014 (groundskeeping worker), 915.687-034 (vehicle cleaner). (See JS Exs. 1-3.) While a limitation to simple repetitive work would not preclude the performance of jobs at Reasoning Level 2, a limitation to simple repetitive one- or two-step tasks would likely preclude the performance of Reasoning Level 2 jobs, see DOT, Appendix C, Section III (Level 1 involves the application of "commonsense understanding to carry out simple one- or two-step instructions."). See, e.g., Grigsby, 2010 WL 309013, at *2; see also Meissl v. Barnhart, 403 F. Supp. 2d 981, 984-85 (C.D. Cal. 2005).

Accordingly, the ALJ's determination as to whether Plaintiff is capable of performing the jobs identified by the VE is also dependent upon the ALJ's reconsideration of the opinions of Drs. Skopec and Ross. Thus, after reconsidering the opinions of the State agency physicians, the ALJ should reconsider Plaintiff's ability to perform the jobs identified by the VE.

### G. This Case Should Be Remanded for Further Administrative Proceedings.

The law is well established that remand for further proceedings is

appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court concludes that this is an instance where further administrative proceedings would serve a useful purpose and remedy administrative defects.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: December 20, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge